IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

WALTER LENARD                                                                                          PLAINTIFF

VERSUS                                                             CIVIL ACTION NO. 5:06cv176DCB-MTP

STATE OF MISSISSIPPI, et al.                                                                    DEFENDANTS

ORDER

This cause is before the Court on defendant Judge Mike Smith's Motion to Dismiss [14] pursuant to Rule 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE filed April 18, 2007. Plaintiff Lenard filed on May 1, 2007, his Response [16] in opposition to the Motion to Dismiss.

The standard of review for a Motion filed pursuant to Rule 12(b)(6) is that the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.' " *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).  In order for the plaintiff to maintain this civil action and to survive the motion before this court, the plaintiff must plead "'grounds' of his 'entitle[ment] to relief'" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. V. Twombly*, 127 S.Ct. 1955, 1965 (2007)  (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)(when considering a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (quotation marks, citations and footnote omitted).

In the case at bar, the plaintiff complains that defendant Smith, a state court judge, conspired to have him falsely, illegally and maliciously imprisoned.  Even though he argues he

was not on probation in May 2006, when he was arrested and later had his probation revoked, (Comp. p.4), the plaintiff goes on to state that defendant Judge Smith "while sitting on the bench" made a decision to allow the charge against the plaintiff of violating probation to proceed. (Response [16] p.8). As a result of defendant Judge Smith's decision, the plaintiff's probation was revoked and he was imprisoned.

In his Motion to Dismiss [14], defendant Judge Smith contends that the plaintiff's claims against him are barred by the doctrine of absolute judicial immunity. "Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). "The alleged magnitude of the judge's errors or the mendacity of his acts is irrelevant." *Id*. (citing *Young v. Biggers,* 938 F.2d 565, 569 n. 5 (5th Cir.1991)). To overcome judicial immunity, the United States Supreme Court has determined that the actions complained are either nonjudicial in nature or the actions were taken in the complete absence of all jurisdiction. *Id.* (citing *Mireles v. Waco,* 502 U.S. 9 (1991)); see *Forrester v. White,* 484 U.S. 219, 220-21 (1988) Simply stated, "[a] judge's acts are judicial in nature if they are " 'normally performed by a judge' " and the parties affected " 'dealt with the judge in his judicial capacity.' " *Mirales*, 502 U.S. at 12 (quoting *Stump v. Sparkman,* 435 U.S. 349, 362 (1978).

Having liberally construed the plaintiff's allegations in his complaint and in his response [16] and accepting them as true, this Court finds that defendant Judge Smith actions complained of by the plaintiff were done within his jurisdiction as a judge. Defendant Judge Smith's decision to hear the matter of revoking the plaintiff's probation, whether correct or not, was done in his

normal function as a judge and was conducted by him in his official capacity.  Accordingly, plaintiff's claims against Judge Smith are dismissed based on absolute judicial immunity.

Based on the foregoing, it is ordered that defendant Judge Smith's motion to dismiss [14] this civil action against him on the basis of absolute judicial immunity is granted.

SO ORDERED, this the   25th   day of September, 2007.

                         s/ David Bramlette
                         UNITED STATES DISTRICT JUDGE