IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

WALTER G. LENARD                                                                                    PLAINTIFF

VERSUS                                                            CIVIL ACTION NO. 5:06cv176DCB-MTP

STATE OF MISSISSIPPI, MDOC,
COUNTY OF YAZOO, J. WINDSTAT,
WILLIAM MARTIN, STEVEN WALDRUP,
MIKE SMITH, and NOREENE GIRRARD                                                     DEFENDANTS

OPINION AND ORDER

This cause is before the Court, *sua sponte*, for consideration of dismissal of the plaintiff's claims against the State of Mississippi, MDOC, County of Yazoo, J. Windstat, William Martin, Steven Waldrup, and Noreene Girrard. Plaintiff Lenard was an inmate of the Mississippi Department of Corrections (MDOC) incarcerated in the South Mississippi Correctional Institution, Leakesville, Mississippi, at the time he filed this *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 on December 4, 2006.[1] The Plaintiff seeks monetary damages as relief.

On January 8, 2007, the Plaintiff was ordered to file written response to provide specific information to the Court. On January 18, 2007, and January 25, 2007, the Plaintiff filed his responses [10 -1 and 11-1]. Upon liberal review of the complaint and the responses, the Court has reached the following conclusions.

Background

The Plaintiff states that on April 11, 2003, he was convicted. As a result of the conviction, he was placed on probation for approximately 23 months. The Plaintiff calculates that his probation would have expired on or about March 25, 2005. However, he was arrested

---

[1] According to his notice of change of address filed July 11, 2007, it appears that he is no longer incarcerated, but has a "free-world" address.

on May 25, 2006, for violating his probation and his probation was subsequently revoked. The Plaintiff argues that he was not on probation at the time of his arrest.[2] Thus, the Plaintiff contends that he was falsely, maliciously, and intentionally arrested on a perjured warrant by defendants Windstat and Martin and that the other defendants were involved in a conspiracy resulting in his probation being revoked and imprisonment.

Additionally, the Plaintiff claims that he was denied access to the state courts because of the judgment entered by state trial judge prohibiting the plaintiff from visiting the Yazoo County Courthouse.

## Analysis

The Prison Litigation Reform Act of 1996, Pub.L. No. 104-134, 110 Stat. 1321, applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal --  (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. Section 1915(e)(2) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *See Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989); *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992); and

---

[2]The letter from the state court judge who revoked the plaintiff's probation which is attached to his response [11-1] indicates that he violated the terms of his probation on May 17, 2004, by returning to the Yazoo County Courthouse contrary to his sentencing order, and when he failed to report on April 11, 2003.

*Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir.1994). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted the plaintiff to proceed *in forma pauperis* in this action, thus his complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2).

The Plaintiff's claims are precluded by the United States Supreme Court case of *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L.Ed.2d 383 (1994). In *Heck*, the Court addressed whether a claim for monetary damages which essentially challenges a Plaintiff's conviction or imprisonment is cognizable under 42 U.S.C. § 1983. The Court held that such a claim is not cognizable under that statute:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id.* at 2372 (footnotes omitted); *see also Boyd v. Biggers*, 31 F.3d 279, 284-85 (5th Cir. 1994).

If the Court were to find in the Plaintiff's favor and determine that his probation was illegally

revoked, it would necessarily imply the invalidity of his sentence and then imprisonment.  In addition, the Plaintiff has failed to demonstrate that his conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  *Id.* at 2372.[3]  With this in mind, the Court has determined that the Plaintiff's claims are barred by *Heck*, at this time.  As such, these claims are dismissed for the Plaintiff's failure to state a claim on which relief may be granted.

Even though the plaintiff may no longer be in custody and can not file a habeas petition, the *Heck* bar applies and the plaintiff can not pursue a § 1983 action until his conviction which is the subject of this lawsuit has been terminated in his favor.  *Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000), *cert. denied* 532 U.S. 971 (2001).  As previously pointed out by this Court, there are no allegations asserted by the plaintiff which establish that the revocation of his probation has been invalidated.

Finally, this Court lacks jurisdiction to review the state court judgment which the Plaintiff claims denied him access to the courts because it prohibited him from visiting the Yazoo County Court.  The United States Court of Appeals for the Fifth Circuit has explained, "[t]he Supreme Court has definitively established, in what has become known as the Rooker-Feldman doctrine, that 'federal district courts, as courts of original jurisdiction, lack

---

[3]The Plaintiff stated in his response[10-1] that he had filed a motion for post-conviction relief but had not received a response from the state court.  Additionally, the Plaintiff refers to his pending habeas petition, *Lenard v. Martin*, 5:06cv111-DCB-MTP (S.D. Miss. Aug. 9, 2007).  Having reviewed the court records in that case, this Court finds that his habeas petition was dismissed on August 9, 2007.  Two of the grounds were dismissed as being time barred and the remaining grounds were dismissed for failure to exhaust his available state court records.

appellate jurisdiction to review, modify, or nullify final orders of state courts.'" *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000)(citing *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir.1994))(citations omitted).[4] "If a state trial court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court." *Id*. "This jurisdictional bar is not limited to actions in federal court that explicitly seek review of a state court decision, but also extends to those in which the constitutional claims presented ... are inextricably intertwined with the state court's grant or denial of relief." *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir.1986). Regardless of how the plaintiff couches his claim he is requesting this Court review the decision of the Circuit Court of Yazoo County, Mississippi that prohibited him from visiting the Yazzo County Courthouse. This Court simply does not have jurisdiction to entertain this claim and to grant the requested relief in this action.

## Conclusion

As discussed above, the Plaintiff's claims against Defendants State of Mississippi, MDOC, Yazoo County, J. Windstat, William Martin, Steven Waldrup, and Noreene Girrard are barred by *Heck v. Humphrey*.[5] Additionally, this Court lacks jurisdiction to review, modify or nullify a state court sentencing order as decided under the Rooker-Feldman doctrine.

---

[4] Referencing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

[5] "Plaintiff's claims are dismissed with prejudice to their being asserted again until the Heck conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

Therefore, this civil action will be dismissed with prejudice for the Plaintiff's failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(ii) as to the *Heck* issues and with prejudice for lack of jurisdiction as to the state court sentencing order.

Since this case is dismissed pursuant to the above mentioned provisions of the Prison Litigation Reform Act, it will be counted as a "Strike."[6]  If the Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A final judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED, this the   25th   day of September, 2007.


        s/ David Bramlette
    UNITED STATES DISTRICT JUDGE

---

[6] 28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."